Filed 11/30/22  P. v. Valencia CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WILFREDO AMAYA VALENCIA,<br><br>    Defendant and Appellant. | A162358<br><br>(San Mateo Super. Ct.<br>No. 19NF010885A) |

A jury convicted defendant Wilfredo Amaya Valencia of misdemeanor false imprisonment and acquitted him of several felonies, including kidnapping and assault with a deadly weapon.  On appeal, defendant argues the trial court erred by instructing the jury on consciousness of guilt (CALCRIM No. 362).  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Early one August 2019 morning, defendant's wife returned home from work and heard noises coming from her 15-year-old daughter's bedroom. Defendant went to the bedroom to investigate and found 17-year-old John Doe—the daughter's boyfriend—hiding in the closet.  Neither defendant nor his wife had met Doe, and they had not given him permission to visit the daughter.

1

Defendant asked Doe, " 'What are you doing here?' " " 'Nothing,' " Doe replied, and he punched defendant in the chest. Then defendant and Doe "tussle[d]." Because Doe was "out of control," defendant wrapped a rope around his neck and one of his arms. Defendant punched Doe in the face, pressed a machete against his cheek, and threatened to kill him. One or two hours later, defendant led Doe outside and—after threatening to kill him if he returned—untied Doe and let him leave.

Later that day, Doe went to the police station with his father and gave a statement. Thereafter, an officer interviewed defendant. During the interview—which was played for the jury—defendant admitted using a rope to restrain Doe, but he denied wrapping the rope around Doe's neck. Defendant estimated Doe was tied up for 20 minutes. Defendant acknowledged telling Doe he " 'could' " kill him, but claimed he decided to release Doe because he was " 'not that type of person.' " Finally, defendant denied placing the machete near Doe's face, insisting he used it only to cut the rope after binding Doe's hand.

The prosecution asked the trial court to instruct the jury with CALCRIM No. 362, which provides: "If a defendant made a false or misleading statement before this trial relating to the charged crime, knowing the statement was false or intending to mislead, that conduct may show he . . . was aware of his . . . guilt of the crime, and you may consider it in determining his . . . guilt. [¶] If you conclude that the defendant made the statement, it is up to you to decide its meaning and importance. However, evidence that the defendant made such a statement cannot prove guilt." Defense counsel acknowledged "there were inconsistencies," but he objected to the instruction; according to counsel, the instruction was unnecessary because he would explain the inconsistencies. The court disagreed. It

2

reasoned the instruction was warranted because there were "plenty of inconsistencies" between defendant's statement to police and the evidence presented by the prosecution at trial.

## DISCUSSION

Defendant contends the trial court erred by instructing the jury with CALCRIM No. 362 on consciousness of guilt. We disagree.

A trial court properly instructs on consciousness of guilt when "there is some evidence in the record that, if believed by the jury, would sufficiently support the inference suggested in the instructions"—that the defendant made a self-serving statement to protect his interests. (*People v. Bowman* (2011) 202 Cal.App.4th 353, 366 (*Bowman*); *People v. Barnwell* (2007) 41 Cal.4th 1038, 1057 (*Barnwell*).) A false or deliberately misleading statement "about the facts of the crime evidences consciousness of guilt." (*People v. Fritz* (2007) 153 Cal.App.4th 949, 959; *People v. Williams* (2000) 79 Cal.App.4th 1157, 1167–1168.) Whether a statement is false or misleading may be shown by the defendant's pretrial statements, his trial testimony, or by other prosecution evidence. (*People v. Kimble* (1988) 44 Cal.3d 480, 496–499; *People v. Edwards* (1992) 8 Cal.App.4th 1092, 1102–1103.) We apply de novo review to a claim of instructional error, considering whether there is a reasonable likelihood "the trial court's instructions caused the jury to misapply the law in violation of the Constitution. [Citations.] The challenged instruction is viewed 'in the context of the instructions as a whole and the trial record to determine whether there is a reasonable likelihood the jury applied the instruction in an impermissible manner.' " (*People v. Mitchell* (2019) 7 Cal.5th 561, 579.)

Defendant contends the instruction was improper because there is no evidence he made a false or misleading statement. Not so. During the police

interview, defendant denied wrapping a rope around Doe's neck, but at trial, the prosecution offered evidence he did just that. Defendant also suggested his threats to harm Doe were indirect, as he merely suggested he " 'could' " kill Doe. The evidence at trial, however, established defendant explicitly threatened to kill Doe, repeatedly saying, " 'I'll kill you.' " Defendant also claimed he used the machete only to cut the rope after binding Doe's hand, whereas Doe testified defendant held the machete against his cheek. Finally, defendant told the police Doe was tied up for 20 minutes, but the prosecution offered evidence he was restrained for at least one hour.

These discrepancies support a rational inference that defendant made false or misleading statements "to deflect suspicion from himself." (*Barnwell*, *supra*, 41 Cal.4th at p. 1057.) Thus, the evidence amply supported the instruction. (*Bowman*, *supra*, 202 Cal.App.4th at p. 366.) There is no reasonable likelihood the jury misapplied CALCRIM No. 362 because the trial court cautioned that some instructions "may not apply, depending on your findings about the facts of the case. [¶] Do not assume just because I am giving a particular instruction that I am suggesting anything about the facts." (CALCRIM No. 200.) We presume the jury understood and followed the instruction. (*People v. Silveria* (2020) 10 Cal.5th 195, 245.) Moreover, the jury's acquittal on some charges suggests it properly understood its duty to weigh the evidence, and to apply CALCRIM No. 362 only if it concluded defendant knowingly made a false or misleading statement relating to the charged crimes.

Defendant also contends CALCRIM No. 362 violated his constitutional right to due process because it "permitted the jury to draw an irrational inference of guilt." The California Supreme Court has "repeatedly rejected" this argument. (*People v. Howard* (2009) 42 Cal.4th 1000, 1021; *People v.*

4

*San Nicolas* (2004) 34 Cal.4th 614, 666.) We do as well. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) The instruction did not—as defendant suggests—undermine his defense. To the contrary, CALCRIM No. 362 "*limits* the reach of any adverse inference both by telling the jury that it decides the 'meaning and importance' of the evidence and by telling the jury the making of a willfully false statement 'cannot prove guilt by itself.' " (*People v. Burton* (2018) 29 Cal.App.5th 917, 925.) The instruction "is designed to benefit the defense [by] ' "admonishing the jury to circumspection regarding evidence that might otherwise be considered decisively inculpatory." ' " (*Ibid.*)

In sum, we conclude the trial court did not err by instructing the jury with CALCRIM No. 362.

### DISPOSITION

The judgment is affirmed.

FUJISAKI, ACTING P.J.

WE CONCUR:

PETROU, J.

RODRÍGUEZ, J.

*People v. Valencia* (A162358)